STELLA PEISTER, AN INFANT BY HER NEXT FRIEND, ET AL., PLAINTIFFS, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT.

Argued May 7, 1924—Decided May 28, 1924.

The granting of an application for a change of venue is discretionary with the court, and this discretion will never be exercised when it would create hardship or injustice due to the laches or neglect of the party seeking the relief.

On rule to show cause for change of venue.

Before Justices TRENCHARD, MINTURN and LLOYD.

For the rule, *Joseph Coult* and *Leonard J. Tynan.*

*Contra, Benjamin E. Gordon.*

The opinion of the court was delivered by

MINTURN, J. After issue had been joined, the plaintiff served a notice of trial upon the defendant, and the latter duly admitted service thereof. The case was thereafter listed upon the day calendar of the Hudson Circuit, and upon the opening day of the term was marked ready for trial. When called upon the day calendar it was again marked ready for trial. During a period of three days the plaintiffs with their witnesses attended court ready to go to trial. Upon the last day of their attendance, the defendant produced a physician's certificate to the effect that one of the defendant's material witnesses was ill, and unable to attend, and requested a postponement of the trial for two weeks, upon that ground, which motion was granted. Before the expiration of the two weeks, the defendant obtained this rule to show cause insisting upon a change of venue from Hudson to Essex county. This case is now upon the daily calendar awaiting the determination of this motion.

The granting of the application under the statute is discretionary with the court (section 202 Practice act).

The discretion of the court will never be exercised in favor of an application where the result of its exercise would entail hardship or injustice, created by the laches or neglect of the party seeking the relief. In such a situation his inaction is tantamount to an estoppel.

In this instance the defendant must be held, under the circumstances, to have waived his right to change the venue by practically proceeding with the case up to the point of trial, thereby in effect consenting to the jurisdiction. Upon that subject the rule is quite general, that an application for a change of venue should be made as soon as the moving party acquires knowledge of the facts upon which the motion is based, and failure so to do will constitute a waiver. 27 *R. C. L.* 820, and cases cited.

So, it was declared in an early English case that where the venue was laid in London, and no objection was made thereto, objection could not afterwards be taken to the venue, notwithstanding it ought under a particular act of parliament to have been laid in Surrey for *Consensus tollit errorem. Furnival* v. *Stringer,* 1 *B. N. C.* 68 (27 *E. C. L.*).

The result is that for the reason stated the rule will be discharged.